June 21st, 1907.

————————O————————

No. 4246.

(Court of Appeal, Parish of Orleans.)

## VIVIAN POWERS vs. HENRY THALSHEIMER.

As long as the pledge remains in the hands of the creditor the debt which is secured thereby cannot be extinguished by

prescri ption, because the pledge, in that case, is an acknowledgement of the existence of the debt which produces a continuous interruption of the course of prescription.

Appeal from Civil District Court, Division "D."

B. R. Forman, for Plaintiff and Appellee.

Titche & Rogers, for Defendant and Appellant.

MOORE, J. The sole heir of Henry Powers, and his surviving widow join in an action to recover of defendant certain jewelry which they allege was pledged to the latter to secure a debt amounting to $100.00, which sum, with interest, they offer to repay. The answer avers the debt to be $405.25 and that the jewelry was pledged to secure and does secure that sum. Judgment in that amount with recognition of the right of pledge was prayed for in reconvention.

To this demand in reconvention the plaintiff interposed the prescription of three years.

There was judgment in favor of plaintiff recognizing them to be entitled to the possession of the jewelry upon paying to the defendant the sum of $285.00, which was declared to be the amount for which the jewelry had been pledged; rejecting an item of $20.00 claimed by the defendant in reconvention, and sustaining the plea of prescription as to other items contained in the reconventinal demand and aggregating $100.25.

From this judgment the defendant appeals. That the jewelry was pledged to defendant by Powers to secure an indebtedness by the latter to the former is not denied; that Powers' indebtedness to defendant aggregates the sum of $405.25 is conclusively established by the evidence, but whether the jewelry was pledged to secure all the items which go to make up this sum, and whether the items of the account which aggregate the sum of $100.25, and which the lower judge held to be prescribed, are prescribed, remains as the only issues in the case. A careful reading of the evidence satisfies us that the jewelry was pledged by Powers to Thalsheimer not only to secure the $285.00 cash advanced thereon to Powers, but also the other items appearing on the account and which, if prescription be not arrested, are prescribed on their face. But

420

the current of prescription has been arrested, for it is well settled that so long as the creditor retains possession of the thing pledged to secure his debt as is the case here, there is thereby created a continuous acknowledgement of the debt by the creditor which interrupts the course of perscription. 32 A. 1253; 1 R. 556; 22 A. 107; 23 A. 100.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by striking out therefrom so much of the judgment which rejects the item of $20.00 claimed in reconvention, and so much thereof which sustains the plea of prescription, which plea is now over-ruled; and that it be further amended by increasing the sum of $285.00, which plaintiffs are re quired to repay to the defendant as a condition precedent to the restoration of the jewelry to the sum of four hundred and five 25/100 dollars, and as thus amended the judgment is affirmed.

June 21st, 1907.

Rehearing refused June 29, 1907.